IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE MONTANEZ, :
      Plaintiff, :   3:14-cv-1362
      :
v. :   (Judge Mariani)
      :
MS. TRITT, *et al.*, :
      Defendants. :

## **MEMORANDUM**

Plaintiff, Jose Montanez, an inmate currently confined at the State Correctional Institution in Frackville, Pennsylvania, initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff subsequently filed an amended complaint and this matter is proceeding on the amended complaint. (Doc. 21).

Presently pending before the Court are Plaintiff's motion to file a second amended complaint, Plaintiff's motion for discovery, and Defendants' motion to stay discovery pending disposition of their motion to dismiss the amended complaint. (Docs. 31, 32, 34). For the following reasons, Plaintiff's motions will be deemed withdrawn for failure to file supporting briefs, and Defendants' motion to stay will be granted.

**I.**    **Defendants' Motion to Stay Discovery**

A district court has discretion to defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. *See James v. York County Police Dep't*, 160 Fed. Appx. 126, 136 (3d Cir. 2005). Briefly deferring discovery in such a case, while

the Court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes that parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after their legal defenses are addressed by the Court. In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" *In re Currency Conversion Fee Antitrust Litigation*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991)) (citing *Flores v. Southern Peru Copper Corp.*, 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr.19, 2001); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

*Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

In the instant matter, a stay of discovery is clearly appropriate. Presently pending on the docket is Defendants' motion to dismiss the amended complaint. (Doc. 25). Defendants maintain that if the pending motion to dismiss is granted, "it will obviate the need for discovery entirely thus saving time and money for the Department at no loss to Plaintiff." (Doc. 35, pp. 2-3). Thus, it would be a waste of government resources for Defendants to respond to discovery requests when such a need may be eliminated or greatly narrowed, and where Defendants may potentially be dismissed from this action. Accordingly, Defendants' motion to stay will be granted, and discovery stayed in this action

pending resolution of the motion to dismiss.

## II. Plaintiff's Motions

As stated, Plaintiff filed a motion to file a second amended complaint and a motion for discovery. (Docs. 31, 32). Plaintiff failed to file briefs in support of the motions as required by Middle District of Pennsylvania Local Rule 7.5.[1] Local Rule 7.5 provides that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion.... If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." M.D. Pa. Local Rule 7.5. Plaintiff's motions are simply devoid of any facts or reasons in support of his requests. See (Docs. 31, 32). Accordingly, Plaintiff's motions are deemed withdrawn for failure to file supporting briefs.

A separate Order follows.

Date: April 2, 2015

Robert D. Mariani
United States District Judge

---

[1] A copy of Local Rule 7.5 is attached to this Court's Standing Practice Order, which was issued to Plaintiff on July 17, 2014. (Doc. 4).

3