JOSE MONTANEZ,            :      Civil No. 3:14-cv-1362
         Plaintiff            :

                             :      (Judge Mariani)

      v.                     :

                             :

MS. TRITT, *et al.*,            :

         Defendants         :

## MEMORANDUM

Plaintiff, Jose Montanez, an inmate formerly confined at the State Correctional

Institution, in Frackville, Pennsylvania ("SCI-Frackville"), initiated the instant action pursuant

to 42 U.S.C. § 1983. The matter is proceeding *via* an amended complaint. (Doc. 21).

Presently before the Court are several motions filed by Montanez, *to wit*, a motion to

appoint counsel (Doc. 56), motion to compel discovery (Doc. 61), motion for certification

(Doc. 52), and motion to stay (Doc. 57). For the following reasons, the motion to compel

discovery will be granted in part and denied in part. The Court will deny the remaining three

motions.

## I.    Motion to Appoint Counsel

Although prisoners have no constitutional or statutory right to appointment of counsel

in a civil case, the Court has discretion "to request an attorney to represent any person

unable to afford counsel." 28 U.S.C. §1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-

57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v.*

*Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
(4) the plaintiff's capacity to retain counsel on his or her own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 Fed. Appx. 153 (3d Cir. 2007).

Assuming *arguendo* that the complaint has merit, Plaintiff fails to set forth any circumstances warranting the appointment of counsel. *See Tabron*, 6 F.3d at 155-56. Plaintiff bases his motion on the alleged complexity of the case, his limited ability to litigate this case due to his imprisonment, and his inability to afford counsel. (Doc. 56). However, upon review, the legal issues herein are relatively simple and may not require expert testimony. In his pleadings, Plaintiff demonstrates the ability to present comprehensible arguments and to present his own case. Furthermore, despite his incarceration, investigation of the facts is not beyond Plaintiff's capabilities and he is familiar with the facts of his case. It is also noted that this Court does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied, however said denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ... even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

3

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

## II. **Motion to Compel Discovery**

Also pending before the Court is Plaintiff's motion to compel discovery wherein he requests that the Court order Defendants to produce certain documents, and requests additional responses to his interrogatories. (Doc. 61).

### A. Standard of Review

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. *See* FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 349 U.S. 495, 501 (1947). The procedural rule defining the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any nonprivileged

4

matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.2d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(c).

### B.    Discussion

Defendants have answered Montanez's amended complaint and the parties have engaged in discovery. Montanez served Defendants with requests of production of documents and interrogatories. (Doc. 61, Ex. 1). Defendants state that they provided documents in response to Plaintiff's requests, and answered the interrogatories. (Doc. 63).

Defendants acknowledge that some of their responses contain objections, which they assert are legitimate. (*Id.*).

In the instant motion to compel discovery, Plaintiff sets forth ten requests for production of documents that he claims are relevant and necessary for the litigation of his case. (Doc. 61). Plaintiff's requests for production of documents will be granted insofar as they are relevant to the failure to protect claim at issue in this matter. The Court finds that discovery requests, numbers 2, 3, 4, 5, 8, and 9 are relevant to the claim before the Court, and will be granted, subject to certain exclusions and limitations referenced below. Discovery requests numbers 2, 3, 4, 5, 8, and 9 are as follows:

Request Number 2

All documents that contain, mention, construe, or refer to policies on staff responses to inmate on inmate violence at SCI-Frackville.

Request Number 3

All documents that evidence, mention, or refer to the assault on Plaintiff by inmate Salvadore Scuderi D.O.C. number EJ-5857 on May 29, 2014, including, but not limited to, medical reports, statements and other investigative material and documents relating to subsequent inmate and staff discipline.

Request Number 4

The complete contents of Plaintiff's Department of Corrections file, including, but not limited to, incident reports, pictures taken of Plaintiff's wounds,

evaluations, medical and mental health records[1].

Request Number 5

All documents that evidence, mention, or refer to inmate Salvadore Scuderi # EJ-5857 institutional conduct or disciplinary history at all Pennsylvania Department of Corrections Facilities said inmate has been housed.[2]

Request Number 8

All other documents, items of evidence, or sworn or unsworn statements or affidavits that relate to the allegation made in Plaintiff's complaint.[3]

Request Number 9

All documents that contain, mention, construe or refer to any insurance agreement or arrangement according to which insurance company or other person or entity will guaranty, act as a surety for, or otherwise bear responsibility for litigation in this action, including, but not limited to, paying the Defendants' attorneys' fees, costs, or out-of-pocket expenses, or paying for any monetary or injunctive relief ordered as part of court or consent judgment.[4]

(Doc. 61-1).

To assist in the orderly and expeditious disposition of this action, in the event that

---

[1]   Due to institutional security and relevance issues, Plaintiff's request for mental health records will be denied.

[2]   Request Number 5 is granted in part, and is limited to the institutional conduct and disciplinary history of inmate Salvadore Scuderi only involving other inmate altercations.

[3]   Request Number 8 is granted in part, and is limited to any documents that are not protected by the attorney client privilege, work product privilege, or are subject to any other privilege.

[4]   To the extent that such an agreement exists, Plaintiff is entitled to the discovery of the insurance policy or agreement that relates to the allegations of the complaint, and relates to the time period at issue.

they have not yet done so, Defendants shall provide the appropriate documents in response to Plaintiff's discovery requests 2, 3, 4, 5, 8, and 9, subject to the exclusions referenced herein, within thirty days of the date of this Order.

The Court finds that the remainder of Plaintiff's discovery requests are overly broad, irrelevant, confidential, bear no sufficient connection to this case, and raise obvious privacy and security issues. The following discovery requests will be denied:

Request Number 1

All documents that contain, mention, construe, or refer to policies on staff supervision of inmates at SCI-Frackville.

Request Number 6

All incident reports that evidence, mention, or refer to incident of inmate-on-inmate assault since May 29, 2009.

Request Number 7

All documents, written or created, since May 29, 2009, that contain, mention, construe, or refer to any inspection, inquiry, or complaint about safety conditions or the risk of inmate-on-inmate violence at SCI-Frackville, whether formal or informal, official or unofficial, including inmate, staff and civilian grievances, complaint, appeals, and including responses to such documents prepared by SCI-Frackville staff and their agents.

Request Number 10

Any and all regulations and Policies about the handling of keeping rivals and victims of other inmates safely separated.

(Doc. 61-1).

In the instant motion, Plaintiff also requests further responses to his interrogatories. (Doc. 61, at 9-13). As to Defendant Hannon, Plaintiff claims that his responses are evasive and misleading, and he objects to the answers to questions two through eight. (Doc. 61, at 9). Regarding Defendant Reed, Plaintiff asserts that his answers are evasive, and he objects to the answers to questions two, three, and four. (*Id.* at 10-11). Plaintiff's objections to Defendants' answers appear to be his mere dissatisfaction with their responses. Plaintiff claims the answers are "unacceptable", that Defendants referred him to prison policies that failed to provide the "in-depth detail" he sought, and he groundlessly claims that the Defendants should be able to obtain certain requested information. (*Id.*). Upon careful review of Defendants' answers to Plaintiff's interrogatories, the Court finds that Defendants adequately answered each question and were not misleading in their responses. As to questions two through seven, Defendants provided appropriate answers. Defendants provided their training history, prison policies, responsibilities and duties within the prison, the actions they took following the incident at issue, and referred Plaintiff to the Extraordinary Occurrence Report for further detail regarding the instant incident. In question eight, Plaintiff requests "in as much detail as possible", every single inmate-on-inmate assault in which the Defendants were involved. This request is clearly overbroad and irrelevant to the matter at hand. Thus, no further answers to interrogatories will be required.

Plaintiff also requests that the Court Order Defendants to pay him $45.00 as an expense in pursuing this matter, and he requests an extension of time to complete discovery. (*Id.* at 12). Plaintiff's request for expenses will be denied pursuant to Federal Rule of Civil Procedure 37(a)(5)(C). Plaintiff's request for an extension of time to complete discovery will be granted.

## III.   Motion for Certification and Motion to Stay

By Memorandum and Order dated September 21, 2015 (Docs. 49, 50), the Court granted in part and denied in part Defendants' motion to dismiss. The Order, *inter alia*, dismissed Defendant Tritt as a party to this action on the basis that she lacked the requisite personal involvement for a Section 1983 claim. (*Id.*). Plaintiff petitions for interlocutory review of that portion of the Order pursuant to 28 U.S.C. § 1292(b). (Doc. 52). 28 U.S.C. § 1292(b), Interlocutory decisions, provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). The Court finds that its prior decision to dismiss Defendant Tritt from

10

this action is not a controlling question of law as to which there are substantial grounds for a difference of opinion. The law is well settled that, to state a section 1983 claim, each named Defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which the claims are based. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (deliberate indifference requires that "the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware."). As discussed in this Court's September 21, 2015 Memorandum, Plaintiff failed to allege that Defendant Tritt knew of the existence of a substantial risk of harm, and Plaintiff failed to even allege that Defendant Tritt should have known of a substantial risk of harm. (Doc. 49). Accordingly, Plaintiff's claim for failure to protect against Defendant Tritt was dismissed. (*Id.*) (citing *Calhoun v. Wagner*, 1997 U.S. Dist. LEXIS 10121, *20-21 (E.D. Pa. 1997) (dismissing the prisoner's failure to protect claim because knowledge cannot be imputed on the warden simply because he is in a supervisory position). Moreover, whether Defendant Tritt remains in this case will not "materially advance the ultimate termination of the litigation" because there are two other remaining Defendants in the case. 28 U.S.C. § 1292(b). Thus, Plaintiff's motion to certify the order dismissing Defendant Tritt will be denied.

Plaintiff further requests that discovery in this matter be stayed pending a ruling on

11

the motion for certification. (Doc. 57). In light of the Court's denial of Plaintiff's motion for certification, the motion to stay will be dismissed as moot.

A separate Order follows.

Date: May \_\_\_\_, 2016

Robert D. Mariani
United States District Judge